**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2051
_____

HUMBERTA CAMPOS,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-147-287)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2012

Before:  RENDELL, ALDISERT, NYGAARD, Circuit Judges

(Opinion filed:  November 5, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Humberta Campos, a native and citizen of Mexico, petitions for review of a Board

of Immigration Appeals (BIA) order denying her motion to reopen immigration

proceedings.  We will dismiss the petition for review in part and deny it in part.

Because we write primarily for the parties, who are familiar with the background

of this case, we will recite only the facts pertinent to our disposition. In September 2011, the BIA issued a final order in which it affirmed the denial of Campos's applications for relief from removal, which included an application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The BIA held that Campos had failed to "establish[] that removal would result in exceptional and extremely unusual hardship" to a qualifying relative—in this case, her children—which is one of the four required showings for cancellation relief. See 8 U.S.C. § 1229b(b)(1)(D); see also Administrative Record (A.R.) 128–29.

Campos did not file a petition for review from this decision; rather, in November of 2011, she filed a counseled motion to reopen removal proceedings, A.R. 16, through which she attempted to present "new and substantial evidence that was previously not available" for the purposes of "further substantiat[ing] . . . [her] children's hardship claims in support of her application for Cancellation of Removal," A.R. 20. Campos attached numerous documents to her motion, including psychiatric evaluations, progress reports, letters from religious figures, and news articles reflecting the deteriorating situation in Mexico. See A.R. 31–32 (listing exhibits). In a March 2012 order, the BIA denied the motion to reopen. It explained that, although it had "considered the proffered new evidence . . . [the submissions] could have been obtained previously and presented at the hearing in this case in 2010, *or* [consisted of] evidence that could not change the result." A.R. 3 (emphasis added) (citing 8 C.F.R. § 1003.2(c)(1)). Campos filed a timely petition for review.

The Government argues that we lack jurisdiction over this matter. While Courts

of Appeals "generally have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal from the BIA," Borrome v. Att'y Gen., 687 F.3d 150, 154 (3d Cir. 2012), the Immigration and Nationality Act specifically restricts jurisdiction in several situations. Significantly, we "lack jurisdiction to review discretionary decisions made pursuant to 8 U.S.C. § 1229b, including 'exceptional and extremely unusual' hardship determinations." Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010) (citing 8 U.S.C. § 1252(a)(2)(B)(i)). We retain jurisdiction, however, to review constitutional claims or questions of law. Id. (citing 8 U.S.C. § 1252(a)(2)(D)). These claims and questions must be "colorable," meaning they cannot be insubstantial, frivolous, or based on an otherwise-unreviewable ground "dressed up" in legal clothing. See Pareja v. Att'y Gen., 615 F.3d 180, 186–87 (3d Cir. 2010). The same jurisdictional restrictions apply when we review motions to reopen, see Fernandez v. Gonzales, 439 F.3d 592, 601 (9th Cir. 2006), which are otherwise subject to a deferential abuse of discretion standard of review, Zheng v. Att'y Gen., 549 F.3d 260, 264–65 (3d Cir. 2008).

Campos argues that she was denied "due process" because the BIA "failed to properly consider the evidence and arguments presented . . . in [the] motion to reopen." Pet'r's Br. 18. To the extent that she raises a colorable claim that the BIA failed to abide by its obligation to correctly characterize and address new evidence—by holding, for example, that certain submissions could have been presented at the 2010 hearing before the Immigration Judge—the claim is meritless. A successful motion to reopen before the BIA requires, in part, a showing that the new "affidavits or other evidentiary material"

3

were not available or discoverable prior to the original hearing or hearings before the immigration judge. 8 C.F.R. § 1003.2(c)(1); see also Filja v. Gonzales, 447 F.3d 241, 253 (3d Cir. 2006) (construing language of sister provision, 8 C.F.R. § 1003.2(c)(3)(ii), to designate the previous "hearing" as the proceedings before the immigration judge). Some of the documents that Campos submitted may not have been literally available earlier, but their content was certainly discoverable. For example, an October 20, 2011 letter from Pastor Debra Hernandez reveals that the Pastor met Campos in 1999; she presumably could have furnished a letter of recommendation and support in time for the 2010 hearing. See A.R. 86. The BIA did not err by deciding that this was previously discoverable. Moreover, Campos offers no reason to believe that the BIA disregarded her proffer without inspection or evaluation, and it clearly did not. See Filja, 447 F.3d at 256 ("The BIA must at least show that it has reviewed the record and grasped the movant's claims."). Nor do we detect any other procedural shortcomings in the BIA's decision; as noted *supra*, the BIA specifically held that the evidence *either* could have been discovered previously *or* would not change the result of its earlier decision.

Otherwise, we agree with the Government that the remainder of Campos's arguments amount to an impermissible attack on the BIA's hardship determination cloaked in constitutional garb. In its September 2011 decision, the BIA explained at length how it was weighing the equities of its hardship determination, concluding: "The circumstances presented in this case are similar to those we have considered in other published cases in which we held that the potential hardship did not rise to the

4

congressionally[]mandated level of 'exceptional' or 'extremely unusual.'" A.R 129. Later, in its reopening decision, the BIA made reference to its earlier balancing of factors, finding that "to the extent the evidence submitted in support of the [motion to reopen] is new, it will not affect" its previous conclusion; hence, Campos had failed to "establish a prima facie case for relief." A.R. 3–4. Campos would have us examine these conclusions for deficiencies in emphasis, stressing (for example) the lamentable rise of violence in certain regions of Mexico, which was also the subject of several of her evidentiary submissions and which was specifically cited by the BIA. See Pet'r's Br. 19–20; A.R. 3. But as we have explained on prior occasions, "arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)." Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007). We lack jurisdiction to disturb the agency's determination of insufficient hardship.

Thus, for the foregoing reasons, this petition for review is denied in part and dismissed in part.